**Bernard COLE, Plaintiff,**

v.

**Albert PENCE, et al., Defendant.**

No. 95 C 0293.

United States District Court,
N.D. Illinois,
Eastern Division.

April 30, 1997.

Standish E. Willis, Chicago, IL, for Plaintiff.

Terry L. McDonald, Thomas V. Lyons, Thomas Vincent Lyons, Cook County State's Attorney, Chicago, IL, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

ZAGEL, District Judge.

This is a lawsuit over excessive force which Cole alleges that Pence, a deputy sheriff, used against him at the county lockup in Markham. Cole had been arrested by Riverdale police for domestic battery and brought to the lockup. Cole said in his complaint that Pence "after observing that [Cole] had been arrested for a domestic disturbance . . . asked [Cole] if he wanted to be another O.J.

Simpson. . . . [Cole] later passed a cigarette to another detainee, after which [Pence] verbally reprimanded [Cole] and . . . hit him in the face and body . . . [causing] an injury to his eye requiring medical attention." There is a federal law claim and a state law claim of battery against Pence and the Sheriff (under respondeat superior).

Pence moves for summary judgment based essentially on the proposition that Cole's deposition does not support the complaint he made and that his deposition demonstrated that no reasonable jury could credit his testimony.

At deposition, Cole was asked, "Did Deputy Pence ever hit you in the face and in the body?" He answered no. In the interrogatory answer Cole said "Officer Pence hit me in my right eye one time only due to him and I exchanging words." When confronted with the filed complaint at deposition, he said "I don't know what happened. All I know it shouldn't have happened." Then a little later he said, "Yes. It did. This is going on two years. I can't think back that far or whatever. . . ." Finally, Cole denied in interrogatories and at first in deposition that he had ever been convicted of a felony or misdemeanor. Later in the deposition he conceded that this was not true. He had many arrests and had convictions.

Cole's response is that his deposition, read as a whole clarifies his position and saves his case. Cole argues that he equated convictions with serving time as opposed to being found guilty, and the offenses and arrests were not all that recent. Cole cites the entire passage from which Pence drew Cole's answers in the motion for summary judgment.[1] Cole also gave a description of the

1. Q: The time we've talked about all day. So in the complaint when it says after you passed a cigarette to someone else, the defendant, Officer Pence verbally reprimanded you and began to hit you in the face and body. That's not true, is it? That never happened, did it?
A: I don't know what happened. All I know it shouldn't have happened.
Q: So you really don't know exactly what happened on this day?
A: Yeah. I know I got jumped on.
Q: Do you know it happened or don't you?
A: Yeah. I know it happened.
Q: The part that I just read to you had in paragraph No. 6 [Pence "verbally reprimanded ... and ... hit $Cole$ in the face and body"] of count one, did that happen or didn't it?
A. Yes. It did. This is going on two years. I can't think back that far or whatever. Down there at the time my mind was fresh. I came to my lawyer. I came to Markham court building. It's going on two years, man.
Q. So the things we've discussed today may not have happened the way you've described them today?
A: It did, yeah.
Q: The things that we've described today, are you sure of everything you've testified today?
A: Right.

genesis of the incident. In the lockup he says that Pence told him to face the wall which Cole disregarded. Cole asked permission to lie down. Pence said he ran "this" and then asked Cole if he heard about O.J. Cole said "Fuck you and O.J." Pence said "What?" Cole said "You heard what I said." Pence said, "I bet if I turn you around, you won't say it again." Then Pence punched Cole in the eye.

This case forces attention to the relationship of two sorts of motions and how they are to be decided. One is the ruling on a Rule 50 motion for judgment as a matter of law (formerly called a motion for directed verdict) and the other is a ruling on a motion for summary judgment under Rule 56. Rule 56 motions are to be granted when there is no material dispute of fact and the movant is entitled to judgment as a matter of law. Rule 56 incorporates the standard of Rule 50. One cannot get summary judgment if one is not entitled to judgment as a matter of law. One is entitled to judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for the party against whom the motion is made.

If a case were tried to the jury in the same way it is tried on summary judgment, that is, by presenting deposition transcripts and exhibits, then the decision on the motion for judgment as a matter of law would be made in exactly the same way it is made on summary judgment. But cases are rarely, if ever, tried to a jury on papers and nothing more. The judge who is asked to grant judgment as a matter of law will have seen and heard the witnesses testify. Does this make a difference? In this case, it ought to.

Cole is an erratic witness and likely to do himself little good at trial, but he does expressly testify, at times, to the occurrence of acts that would render Pence liable for a denial of his civil rights. Looking only at the papers Cole says he was struck without adequate cause by a deputy sheriff. He may not remember the circumstances very well, even he concedes. Consistency in recounting events is not his strong suit. He was clearly evasive on his prior criminal history. Yet, in the end, there is his sworn assertion printed in black and white that Pence punched him in the eye and injured him and this is enough to avoid summary judgment. On the other hand, a witness like Cole, may worsen or improve his case by the manner of his testifying.

In my view, it is here that the application of Rule 50 differs from that of Rule 56. The court must deny summary judgment if the papers, generously read for the non-movant, establish some basis on which judgment could be entered for the non-movant. In contrast, it has been observed that a directed verdict motion is typically made after the witnesses testify and that the court can take account of the possibility that a witness either could not be believed or disbelieved by the jury. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2713.1 (1983); *see generally Futrell v. J.I. Case,* 38 F.3d 342, 346 (7th Cir.1994). I agree.[2] To be sure the range of a judge's discretion in taking a case from a jury is circumscribed at all stages, but a judge hearing a Rule 50 motion has more to consider than the judge would have on summary judgment motion, and the law allows the judge to take this extra data into account. This matters in this case because the sole ground for summary judgment is the appar-

---

Q: Then my question is did Deputy Pence ever hit you in the face and in the body?
A: No.
Q: He never hit you in the body, right?
A: Right.
Q: I mean, all day we've talked about what he did, and you never mentioned anywhere that he ever hit you in the body.
A: I just—I know what happened.
Q: Did he strike you anywhere other than the face?
A: Going around the corner.
Q: Did he punch anywhere other than the face?

A: He hit me all the way up in my chest. That's when you kept asking me was I resisting arrest. I know exactly what happened. I know what happened. That's why he brought me from the . . .

2. The point is made in popular entertainment. The actor Jon Lovitz created a character referred to as the liar, Tommy Flanagan, who would say something like "I have a girl friend, she is . . . . is . . . . Michelle Pfeiffer, yes, that's it, Michelle Pfeiffer." Even when the raw text of what the character said stated a fact, the actor's demeanor was clearly that of a liar.

ently equivocal testimony of Cole. There is no argument here that other evidence overwhelms the evidence that Cole presents such as a videotape record of events in the lockup, the absence of medical corroboration, the testimony of several disinterested witnesses. I am not asked to weigh Cole's testimony against anything else, I am asked to judge it standing alone. A case like this one may not survive a motion at the end of trial, it does survive the motion for summary judgment.